Elsie C. SONNABEND
v.
UNITED STATES.
No. 438–57.

United States Court of Claims.
July 15, 1959.

John I. Heise, Jr., Washington, D. C., for plaintiff.

Thomas J. Lydon, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

JONES, Chief Judge.

The plaintiff seeks to recover a widow's survivor annuity for the period from December 1, 1953, to the date of judgment.

The facts, which are not in dispute, are as follows: The plaintiff's husband, Henry F. Sonnabend, was retired on June 24, 1950, from his classified position, grade GS–12, in the Income Tax Division of the Bureau of Internal Revenue on the ground of physical disability. He had accumulated more than 33 years as a civil service employee. At the time of his retirement he was suffering from a heart condition which rendered him a semi-invalid. He applied for and received a reduced annuity effective June 20, 1950, having designated the plaintiff as the recipient of the annuity upon his death.

A medical examination was conducted on August 2, 1951, in accordance with the civil service regulations. The Government medical examiner concluded that Sonnabend was able to return to his former work and that he was no longer totally disabled for useful and efficient work.

As a result, on October 1, 1951, Sonnabend was reinstated to the identical grade, salary, position, office, and desk in the Bureau of Internal Revenue from which he retired some 18 months before. He returned to the same supervisor and some of the cases which he had previously worked on were reassigned to him in 1951. His reinstatement, however, was classified as an indefinite ap-

pointment. On August 20, 1953, Sonnabend was advised of his proposed separation from the Bureau of Internal Revenue in a reduction-in-force effective September 20, 1953. He was placed in retention Subgroup II–B, which he claimed was an error. He appealed the proposed action to the Civil Service Commission claiming that a career employee with 33 years' service prior to a short break in service due to illness should not be rated lower for purposes of retention than a fellow employee with but five years of continuous service. The appeal was denied by the Commission on October 30, 1953, with the explanation that indefinite appointment and placement in retention Subgroup II–B was in accordance with the regulations. At the time of such separation Sonnabend had accumulated over 35 years of satisfactory Government service.

On account of his heart condition becoming worse during 1953, and his hospitalization in connection therewith, Sonnabend, on the advice of his physician, decided to accept the annuity benefits rather than seek further employment in the Government.

He decided to apply for a reduced annuity in order to provide for plaintiff to receive a widow's annuity in the event of his death. He disclosed his intention to accept a reduced annuity to his personal physician, his family, and his fellow employees. He completed the application in his own handwriting, had it in his possession awaiting a certificate from his physician, which was promised for November 7, 1953. His application referred to his previous retirement on a reduced annuity basis, giving the number of his previous annuity claim. Sonnabend died from a heart attack a few days after his appeal was denied and before his physician's signature had been received and before his application was actually filed.

Plaintiff's application for her widow's annuity was denied on March 3, 1954, and a check in the amount of $1,066.69 as a lump sum payment for accumulated deductions was tendered plaintiff. Plaintiff has not cashed this check. Plaintiff appealed to the Civil Service Commission and the Board of Appeals and Review, which appeal was denied and which plaintiff asserts was in error.

Plaintiff asserts two grounds for recovery. First, that plaintiff (and her late husband) acquired a title in an annuity under the Civil Service Retirement Act upon his involuntary separation from the service on September 20, 1953. In the alternative, the plaintiff asserts that her husband's separation on September 20, 1953, was made in violation of civil service rules and regulations and that therefore plaintiff is entitled to survivor benefits as the widow of a civil service employee who died while employed in a position subject to the Civil Service Retirement Act of 1930, as amended.

Sections 1 to 17 of the Civil Service Retirement Act of May 29, 1930, as amended to July 16, 1952 (46 Stat. 468, as amended (codified in scattered sections of 5 U.S.C.A. ch. 14)), are involved.

These statutes in substance provide that any officer or employee who has rendered 25 years of service, upon involuntary separation from the service where such removal was not for cause, misconduct or delinquency, shall be paid an immediate life annuity; that any such officer or employee may at the time of retirement elect to receive a reduced annuity so that the surviving marital partner might receive an annuity following the death of the employee making the designation.

The statute also provides that if an employee is retired for disability before the regular age of retirement he should be reexamined from time to time.

The plaintiff calls attention to regulation R–5–55 of the Federal Personnel Manual as found in Transmittal Sheet 279, effective November 7, 1949. Both the statute and the regulation provide that a surviving widow or widower who had been designated by the employee at the time of retirement, after involuntary separation not for cause after at least 25 years of service, should be entitled to an annuity to continue during the sur-

vivor's lifetime. Regulations R–5–55, Federal Personnel Manual, Transmittal Sheet 279, effective November 7, 1949; R–5–58, Federal Personnel Manual, Transmittal Sheet 308, effective October 1, 1950; R–5–59, Federal Personnel Manual, Transmittal Sheet 305, approved June 16, 1950.

The regulations also provide that every effort should be made to take back a former employee even, if necessary, to make way by separating a war service or temporary employee.

The defendant calls attention to section 1302 of the Supplemental Appropriation Act of 1951 (64 Stat. 1066), which provides that reinstatements, transfers or promotions to positions in the Federal Civil Service shall be temporary and for positions subject to the Classification Act of 1949, 5 U.S.C.A. § 1071 et seq. shall be made with the condition and notice to the individual reinstated, transferred or promoted that the classification is subject to postaudit and correction.

There is not the slightest doubt under the applicable statute and regulations that if Henry F. Sonnabend had actually filed his application after his involuntary separation from the service the plaintiff would be entitled to an annuity. He had prepared the application in his own handwriting, had declared to various people his intention to file the application, but died before it was actually filed. No one questions his intention to file it, nor his purpose in preparing the application.

In fact, upon his retirement for disability after 33 years' service he, in May 1950, applied for a reduced annuity and accepted this reduced basis of payment until June 24, 1951, when he was again placed to work. This original application and designation was never canceled. When he was restored to work it was designated as a temporary or indefinite appointment. Manifestly this course was taken because of the uncertainty as to whether his condition would permit his receiving a permanent assignment.

There is serious doubt as to whether the temporary employment served to cancel the previous designation of a reduced annuity. There is much plausible ground for holding that it merely suspended these payments. However, it is not necessary to decide the case on this basis.

We hold that in all the circumstances as disclosed by the undisputed record in this case there was substantial compliance with the substance of the statute and regulations which provide for the granting of an annuity upon involuntary separation from the service where the applicant had more than 25 years of Government service and where such separation was not for cause, misconduct or delinquency.

Section 13 of the Civil Service Retirement Act, supra, provides that "applications for annuity shall be in such form as the Civil Service Commission may prescribe * * *." It further provides that "upon receipt of satisfactory evidence the Civil Service Commission shall forthwith adjudicate the claim of the applicant, and if title to annuity be established, a proper certificate shall be issued to the annuitant * * *." 5 U.S.C.A. §§ 716, 717.

The statute nowhere requires a written application, only "satisfactory evidence." The evidence of deceased's intent and of plaintiff's right is so overwhelming as to convince and satisfy anyone except a doubting Thomas. Plaintiff had retired in 1950 with a written request for and had accepted a reduced annuity. This application was never canceled. After his restoration to an indefinite position, upon separation from the service he prepared a new application in his own handwriting,[1] told his wife, his family, his fel-

---

1. Most states have a requirement that a will be witnessed by two people who sign in the presence of and at the request of the testator. This is for the purpose of being certain that the instrument represents the will of the testator. But in many states this witnessing is not requir-ed if it is wholly in the handwriting of the testator. In other words, the will proves itself without the formality of witnesses.

Again, in some states the statutes stipulate that if a chattel mortgage is not registered forthwith with the county clerk·

low employees, apparently everybody except the neighborhood dogs, who probably were not interested anyway, of his intention to accept the reduced annuity. But, like Thomas, the officials wanted to feel and touch the written instrument. This is not said in criticism of the officials who passed upon this issue. They properly used every precaution to see that the rights of the Government were protected. The facts in this case, however, preclude any other reasonable conclusion than that plaintiff is fully entitled to a widow's annuity based upon 35 years of satisfactory Government service on the part of her husband. The only purpose of a written instrument is to have a satisfactory record. We are persuaded to believe that this record taken as a whole fully justifies the conclusion we have reached. Hulsart v. United States, 86 F.Supp. 902, 115 Ct.Cl. 451, 460.

The law is not an end in itself, it is a means to an end. It is a vehicle for reaching the ends of justice. Experienced nations and civilized people have found that if the proper results are to be reached there must be reasonable interpretation of the laws. The courts always hesitate to apply a stern lettering when it runs counter to the whole stream of human experience and reaches a conclusion that no reasonable person would wish.

We have found it unnecessary to determine whether the plaintiff's husband was improperly separated from the service on account of reduction in force.

We hold that there was substantial compliance with the applicable statute and regulations, and that plaintiff is entitled to recover the annuity beginning December 1, 1953. Plaintiff's motion for summary judgment will be granted and defendants' like motion will be denied with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S. C.A.

It is so ordered.

LITTLETON, Judge, (Ret.), and WHITAKER, Judge, concur.

LARAMORE, Judge (dissenting).

Fully realizing that to deny this claim would result in harsh treatment to plaintiff, I must respectfully dissent for the reason that plaintiff's decedent did not file an election for a reduced annuity as required by the law and regulations.

MADDEN, Judge, took no part in the consideration and decision of this case.

---

or other recording officer the instrument shall be void. Notwithstanding this provision the courts have uniformly held the instrument valid as between the parties even though not registered.

In other words, the entire purpose of the safeguarding provisions is to be certain to arrive at the intention of the parties in the one instance, and to protect innocent third parties in the other.

In the case at bar there is not the slightest doubt about the intention of the deceased, and no possible injury can come to the Government by paying an annuity earned by 35 years of faithful performance by a civil service employee.